**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**KEVIN MARTEL BUFORD, II**                                                                  **PLAINTIFF**

v.                                      **CASE NO. 3:10CV00247-BSM**

**ALBERT WRIGHT; Chief of Police,
Luxora Police Department; and
PEGGY WRIGHT**                                                                                **DEFENDANTS**

**ORDER**

Plaintiff Kevin Martel Buford, II filed this *pro se* complaint [Doc. No. 2] pursuant to 42 U.S.C. § 1983, alleging defendants violated his constitutional rights.

On September 5, 2010, the Mississippi County Sheriff notified Luxora, Arkansas, Police Chief Albert Wright that Luxora resident Peggy Wright reported that around 11:00 p.m. on September 4, 2010, three men had broken into her home, tied her up and robbed her. [Doc. No. 9 at 3, 6]. The men then fled in her 1993 Chevrolet Corsica. [*Id.* at 3, 7] . Later that day after a high speed chase, Caruthersville, Missouri police officers arrested Buford and two other men. [Doc. No. 2 at 4; Doc. No. 9 at 3, 7]. Buford was later served with warrants from Arkansas and extradited to Arkansas. [Doc. No. 2 at 5].

On September 23, 2010, a felony information was filed in the Circuit Court of Mississippi County Arkansas, Osceola District, Criminal Division, charging Buford with aggravated robbery, theft of property, and kidnaping.

Buford's complaint names Luxora Police Department Chief Albert Wright and the victim of the home invasion and robbery, Peggy Wright, as defendants. [Doc. No. 2]. Buford

has since filed a motion to dismiss defendant Peggy Wright, stating, "Defendant Peggy Sue Wright is deceased therefore Plaintiff request (*sic*) that the court remove her from the case." [Doc. No. 8]. Buford's motion to dismiss Peggy Wright as a defendant in this action is granted. Buford also filed a motion to amend his complaint [Doc. No. 9] whereby he seeks to add Deputy Prosecutor Catherine Dean and Mayor Jasper Jackson as Defendants.

Buford's complaint essentially asserts claims of malicious prosecution against defendant Chief Wright. Buford states that Chief Wright has engaged in illegal conduct leading to his arrest, incarceration, and prosecution.

According to his pleadings, state criminal charges are presently pending against Buford for these alleged events. Because a criminal case is pending, his claims are barred under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* principle provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). "A federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow bad faith exception to the *Younger* abstention doctrine does exist, when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is apparent here as the criminal proceeding preceded this lawsuit. *Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988). Further, Buford has not shown that the state

court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims.

In *Wallace v. Kato*, the United States Supreme Court reaffirmed that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 549 U.S. 384, 392 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 482 (1993)). The Court continued, "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393. If Buford is ultimately convicted, and this suit would imply the invalidity of that conviction, *Heck* requires dismissal; otherwise, this action can proceed, absent some other bar to suit. *Id.* at 394.

In light of these findings, Buford's illegal arrest claims against Chief Wright are stayed and administratively terminated. *See Yamaha Motor Corp. v. Stroud*, 179 F.3d 598 (8th Cir. 1999) (stay rather than dismissal is appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional). Buford may re-open this case by filing a motion at the conclusion of his criminal case.

Buford's motion for appointment of counsel is denied without prejudice at this time because his claims do not appear legally or factually complex and he appears capable of prosecuting his claims without appointed counsel. *See Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992). Buford's motion to amend complaint is denied without prejudice.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's motion to dismiss Peggy Wright [Doc. No. 8] as a defendant is GRANTED.

2. Plaintiff's motion for appointment of counsel [Doc No. 7] is DENIED without prejudice at this time.

3. Plaintiff's motion to amend complaint [Doc. No. 9] is DENIED without prejudice.

4. All proceedings in this case are STAYED pending final disposition of the criminal charges pending against Plaintiff;

5. This case is administratively closed pending final disposition of the criminal charges against Plaintiff, and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

SO ORDERED this 25th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE