**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**KEVIN MARTEL BUFORD, II,
and DIANNA WALKER**                                                                                    **PLAINTIFFS**

v.                                    **CASE NO. 3:10CV00247 BSM**

**ALBERT WRIGHT, Chief of Police,
Luxora Police Department, et al.**                                                                 **DEFENDANTS**

**ORDER**

The complaint and amended complaint [Doc. Nos. 2, 17] filed by plaintiffs Kevin Buford, II, and Dianna Walker (collectively "Plaintiffs") are dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Walker's remaining state law claim for political intimidation is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). All pending motions are denied as moot.

I. BACKGROUND

In 2010, plaintiff Dianna Walker, Buford's mother, ran for Mayor of Luxora, Arkansas. [Doc. No. 17 at 1]. During her campaign, she informed defendant Albert Wright, Chief of the Luxora Police Department, that if she won, she would not reappoint him as police chief. [*Id.* at 2].

On September 5, 2010, the Mississippi County Sheriff notified Chief Wright that a Luxora resident, Peggy Wright, reported the previous day that three men broke into her home, tied her up, and robbed her. [*See* Doc. No. 9 at 3, 6]. The men fled in Mrs. Wright's 1993 Chevrolet Corsica, and after a high speed chase, officers with the Caruthersville,

Missouri, Police Department arrested Buford and two other men. [Doc. No. 2 at 4; Doc. No. 9 at 3, 7]. While detained in Missouri, Buford was served with warrants from Arkansas and later extradited. [Doc. No. 2 at 5].

On September 23, 2010, prosecutors filed a felony information in the Mississippi County, Arkansas Circuit Court charging Buford and two others with aggravated robbery, theft of property, and kidnaping. Buford remained in custody awaiting trial, but nine months later the victim died and prosecutors elected to *nolle pros* the charges.

When the charges were dismissed, Buford and Walker filed this lawsuit against a number of the public officials involved in Buford's arrest and prosecution. [Doc. Nos. 2, 17]. Buford essentially claims that he was the victim of official misconduct caused by a conspiracy to falsely imprison and maliciously prosecute him. Walker, Buford's mother who was running for mayor at the time Buford was arrested, essentially alleges that all of this official misconduct was the result of a conspiracy to prevent her from winning the mayoral election and terminating the chief of police.

## II. STANDARD OF REVIEW

Claims brought *in forma pauperis* are to be dismissed at any time that it is determined that they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

*Pro se* complaints are to be reviewed under § 1915(e)(2)(B) and must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When construed liberally, all allegations must be weighed in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when a reasonable inference may be drawn that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

### III. DISCUSSION

Plaintiffs' complaint and amended complaint [Doc. Nos. 2, 17] are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief in a 42 U.S.C. § 1983 case, the plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Van Zee v. Hanson*, 630 F.3d

1126, 1128 (8th Cir. 2011). Here, plaintiffs assert that defendants engaged in a conspiracy, false imprisonment, malicious prosecution, official misconduct, neglect of duties, and political intimidation and by doing so, violated plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights. [Doc. Nos. 2, 17.].

The notion that Buford's arrest and prosecution were concocted as part of a conspiracy to undermine Walker's mayoral campaign "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325 (defining an action as frivolous if "it lacks an arguable basis either in law or in fact"). To start, plaintiffs' claims could be dismissed solely because they are frivolous. This is the case, because plaintiffs allege that the defendants, all of whom are Arkansas public officials, conspired to attack Buford in order to reduce the likelihood of Walker winning the mayoral election. [Doc. 17 at 17]. The problem is that plaintiffs totally ignore the fact that Buford was arrested after a high speed chase following an armed home invasion. [Doc. 17-1 at 17-18]. Not only was he in the car that fled the scene of the invasion but when the police finally stopped the car, they found a mask and gun in the car. Moreover, Buford was arrested by Missouri officers and then extradited back to Arkansas. *Id.*

In addition to being frivolous, plaintiffs' claims should be dismissed for failure to state a cause of action for the reasons set forth below.

A.   Deputy Prosecutor Catherine Dean

Buford asserts that deputy prosecutor Catherine Dean violated his First, Fourth, Eighth, and Fourteenth Amendment rights when he was detained in the Mississippi County Detention Center for nine months before Dean chose to *nolle pros* his charges. [Doc. Nos.

9, 17]. He also complains that, as part of a conspiracy with the other defendants, she would often have him appear before the judge without his co-defendants and make misleading statements to the court. [*Id.*]. Walker asserts that Dean violated her First, Eighth, and Fourteenth Amendment rights when she conspired with officials in Arkansas and Missouri and refused to investigate the validity of the allegations against Buford. [*Id.*].

Prosecutors are absolutely immune in civil suits for actions that are "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (noting that even a person genuinely wronged is without civil redress). Actions that are "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of the [prosecutor's] role as an advocate for the state, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993); *see Imbler*, 424 U.S. at 431. Decisions relating to the initiation and dismissal of cases are at the very heart of a prosecutor's function as an advocate for the state and absolute immunity will attach to those decisions. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1268 (8th Cir. 1996). A prosecutor is also absolutely immune from a civil conspiracy claim when the prosecutor's alleged participation in the conspiracy is based on otherwise immune acts. *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 580 (8th Cir. 2006).

Dean's acts were part of her duties as an advocate for the state and are therefore protected by absolute immunity. Further, as to Buford's assertion that Dean was negligent in her duties as a deputy prosecutor, a negligent act of an official that results in the

5

unintended loss of or injury to life, liberty or property fails to implicate the due process clause. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Accordingly, all claims against Dean are dismissed.

B.   Mayor Jackson

Plaintiffs' chief complaint against Mayor Jackson is that he failed to adequately train and supervise Chief Wright. In a § 1983 cause of action, an official is liable for his own conduct and cannot be held liable for the misconduct of his subordinates under a theory of *respondeat superior* liability. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 928 (8th Cir. 2010); *Vaughn v. Greene Cnty.,* 438 F.3d 845, 851 (8th Cir. 2006). A supervisor may, however, be held liable for failing to adequately train or supervise a subordinate. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994). To maintain their claim for failure to train, plaintiffs must show that (1) Luxora's training practices were inadequate; (2) the failure to train was a result of a deliberate and conscious choice by Mayor Jackson; and (3) the training deficiency actually caused them injury. *See Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Plaintiffs fail to allege that Luxora's training practices were inadequate. They also fail to allege that any lack of training was the result of a deliberate or conscious choice by Mayor Jackson. Accordingly, plaintiffs have failed to state a cause of action for failure to train or supervise, and the claims against Mayor Jackson are dismissed.

C.   Conspiracy Claims

Plaintiffs assert that defendants conspired to deprive them of constitutional rights. [Doc. No. 17]. To establish a conspiracy claim under § 1983, a plaintiff must show: (1) that a defendant conspired with others to deprive him of a constitutional right; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; (3) that the overt act injured the plaintiff; and (4) that the plaintiff was actually deprived of a constitutional right or privilege. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008); *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Even when the complaint and amended complaint are liberally construed, they fail to show how defendants conspired to deprive plaintiffs of their constitutional rights or how plaintiffs' constitutional rights were in fact violated.

### 1. Buford's conspiracy claims

Although Buford alleges that Wright's conspiracy violated his Fourteenth Amendment due process and equal protection rights, he fails to state facts that sufficiently support either violations.

a.   Due Process Rights

Buford alleges his due process rights were violated when Wright failed to properly investigate the incident. The Eighth Circuit recognizes a substantive due process cause of action for reckless investigation. *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). To state a reckless investigation claim, the allegations must show that the state actor's conduct "shocks the conscience." *Id; Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009) (noting that the shock-the-conscience inquiry is a question of law). The mere negligent failure to

investigate does not violate substantive due process. *Amrine*, 522 F.3d at 833; *see Akins*, 588 F.3d at 1183.

For Buford to state a due process claim for failure to investigate, he must show that Wright intentionally or recklessly failed to investigate and that Wright's conduct was so severe that it shocks the conscience. *Akins*, 588 F.3d at 1184; *Amerine*, 522 F.3d at 834. The Eighth Circuit has held the following circumstances shocking: (1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposely ignored evidence suggesting the defendant's innocence, (3) evidence of systematic pressure to implicate the defendant in the face of contrary evidence. *Akins*, 588 F.3d at 1184.

According to Buford, Wright provided false information to the press regarding his criminal history and the injuries suffered by the victim. [Doc. No. 17 at 2-6]. Buford also asserts that Wright changed his report at least four times. [Doc. No. 17 at 5]. Even when these facts are taken as true, they do not shock the conscience as they relate to the investigation. One might gather from these allegations that Wright is incompetent but that does not support Buford's due process claim.

    b.    Equal Protection

Buford alleges that his right to equal protection was violated because his bond was set at the same amount as his co-defendants, although he lacked a criminal record and his co-defendants had substantial criminal histories. [Doc. No. 17 at 5]. This allegation fails to state a constitutional violation for a number of reasons. First, in Arkansas bonds are normally set by either district or circuit judges, who have immunity for their judicial decisions. Indeed,

the police chief normally could not be sued for a bond set by a judge, even if the chief provided the information upon which the bond was set.

### 2. Walker's conspiracy claims

Walker's First, Eighth, and Fourteenth Amendments claims are dismissed.

a.     First Amendment Rights

Walker fails to state a First Amendment claim. The First Amendment protects the right to be free from government abridgment of speech. *Ysura v. Pocatello Educ. Ass'n.*, 555 U.S. 353, 358 (2009). "Candidacy for office is one of the ultimate forms of political expression in our society, and is therefore a right protected by the First Amendment[.]" *Edwards v. Reynaud*, 463 F. Supp. 1235, 1239 (E.D. La. 1979) (citing *Morial v. Judiciary Comm'n of the State of Louisiana*, 565 F.2d 295, 301 (5th Cir. 1977)).

To prevail on her First Amendment claim, Walker must establish: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986); *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). Walker has failed to show that defendants' behavior caused her to remove her name from the ballot and thus deprived her of her right to run for public office. Indeed, the record shows that she ran for mayor and lost. This claim is therefore dismissed.

b.     Eighth Amendment Rights

There is no basis for Walker's Eighth Amendment claim because she has not been

convicted of a crime. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment only protects those convicted of a crime. *See Browning-Ferris*, 492 U.S. at 262; *Ingraham*, 430 U.S. at 664; *Hott v. Hennepin Cnty., Minn.*, 260 F.3d 901, 905 (8th Cir. 2001). This claim is therefore dismissed.

  c.  Fourteenth Amendment Rights

Walker fails to state a Fourteenth Amendment claim. The Fourteenth Amendment protects against the government or a state actor depriving a person of life, liberty, or property without due process of law. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 475 (8th Cir. 2010). The Due Process Clause confers both substantive and procedural rights. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994). Substantive due process protects certain fundamental rights. Walker fails to state a substantive due process claim because she has failed to show that a fundamental right was violated and that the conduct shocks the conscience. *Missouri Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012); *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 816 (8th Cir. 2011). Procedural due process guarantees fair procedures when deprivations of life, liberty, or property occur. Walker fails to state that she was unfairly deprived of life, liberty or property. This claim is therefore dismissed.

C.  Joint Claim for "Neglect of Duties"

Plaintiffs neglect of duties claim is dismissed because this it is not a cognizable claim under 42 U.S.C. § 1983. Indeed, to state a § 1983 claim, plaintiffs must show more than negligence. *Daniels v. Williams,* 474 U.S. 327, 335-336 (1986).

D.  Joint Claim for "Official Misconduct"

Plaintiffs' "official misconduct" claim is dismissed for failure to state facts to support it.

E.  Buford's Separate Claim for Malicious Prosecution

To the extent that Buford attempts to assert a malicious prosecution claim, it is dismissed. A malicious prosecution claim can be alleged under § 1983 only if defendants' conduct also violates some constitutional provision or federal law. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Nothing in the record indicates that defendants violated the Constitution or federal law.

F.  Buford's Separate Claim for False Imprisonment/ False Arrest

Buford's false imprisonment/false arrest claim is dismissed. In the amended complaint [Doc. No. 17 at 18], Buford states he would like to change his claim of false arrest to one of false imprisonment. In Arkansas, "false imprisonment" is also referred to as "false arrest." *See McIntosh v. Ark. Republican Party-Frank White Election Comm.*, 766 F.2d 337, 341 (8th Cir. 1985); *Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 435 (1987). A false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Furthermore, "[a]n arrest

11

executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988). Buford was arrested pursuant to a facially valid warrant. Therefore, he fails to state a claim for false arrest or false imprisonment.

G.   Walker's Separate State Law Claim of Political Intimidation

Walker brings a separate claim of political intimidation which arises under Arkansas state law. *See* Ark. Code § 7-1-104. Because Plaintiffs' federal claims are hereby dismissed, the only basis for jurisdiction over Walker's remaining state law claim would be supplemental jurisdiction under 28 U.S.C. § 1367. Under Subsection (c)(3) of Section 1367, a federal district court can decline to exercise supplemental jurisdiction over a claim "if [it] has dismissed all claims over which it has original jurisdiction." Pursuant to that authority, Walker's remaining state law claim is hereby dismissed without prejudice. *See* 42 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

The complaint and amended complaint [Doc. Nos. 2, 17] are dismissed as frivolous and for failure to state a claim upon which relief may be granted. Dianna Walker's state law claim for political intimidation is dismissed without prejudice. All pending motions are denied as moot. It is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order and the accompanying judgment would not be taken in good faith. An appropriate judgment shall accompany this order.

IT IS SO ORDERED this 21st day of September 2012.

_____
UNITED STATES DISTRICT JUDGE

13